Hear ye, hear ye, hear ye, United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and this Honorable Court. Good morning and welcome to this week's session of the 11th Circuit Court of Appeals. Judge Marcus, Judge Newsom, and I are sorry that we couldn't be with you in person in Miami this week. We very much appreciate Council's cooperation in conducting today's session remotely by Zoom. If we experience technical difficulties during the argument, our Information Technology team will take care of it. You should have information regarding who to get in touch with if that happens. And rest assured that we will make sure that you get to present your argument in full. You should see on your screen a timer, which will, the numbers will turn yellow when you have two minutes left in your time. And it will turn red when your time is up, so please conclude your remarks at that time. If you're the appellant and you deserve time, the same rules, of course, will apply for your rebuttal. Council, before you begin your arguments, please rest assured that we have read your briefs, we're familiar with your arguments, and significant parts of the record, so we encourage you to go right to the heart of your argument and discuss with the appellant. I'll now call the first case, which is number 20-11-743, Emergency Recovery Inc. v. Palladium Healthcare, LLC. Mr. Castillo, for the appellant, you may begin when you're ready. Your Honors, may it please the Court, my name is Marcus Castillo, and I'm here on behalf of Brian Bucknick. The issues that are posed in this appeal are twofold. First, under the District Court of Justice. Mr. Castillo, I'm having a little bit of trouble hearing you. Maybe you're a little too far from your microphone. Apologize. The two issues that are posed in this appeal are, first, whether the District Court has used this discretion when the application was made official. Secondly, whether the District Court has used this discretion when it did not impose conditions upon the plaintiffs of the voluntary dismissal, namely the position of the plaintiffs. Going to the first case, the case law establishes that a voluntary dismissal is not a matter of right. We cited in our brief the McCants case in this Court that holds that Rule 41-A-2 exists primarily for the protection of defendants, not plaintiffs. That, in the case of the defendants, is paramount. In our briefs, we have cited five of the cases out of this Court that have affirmed the denial of voluntary dismissal. Mr. McBride, most of the cases have been shown. This Court has not, to the best of our research, adopted an official factors sense when determining whether clear legal prejudice has been shown. There is a commonality among these cases which illustrates what this Court has in the past considered enough to constitute clearly the prejudice. In the cases we have cited from this Court, all of the cases have involved considerable time and experience on behalf of defendants. In this case, the record establishes that over $200,000 was spent over the course of a year and a half's time in defense of the case below. In most of the cases we've cited to the Court out of this circuit, a summary judgment motion was pending. In this case, a summary judgment and a motion in limine were pending at the time the motion for voluntary dismissal was granted. In several of the cases we've cited out of this Court, there was a lack of ability on the part of the plaintiff either with respect to prosecution or with respect to the defendant. In this case, the police were filing a motion for summary judgment and a motion in limine for the seeking of a voluntary dismissal. Mr. Castillo, if I may ask you a question, it's Judge Marcus. The District Court said in her order the following. The District Court said all work performed by the defendant's attorneys in this case has been and will continue to be useful towards the resolution of the defendant's second filed parallel action in the Florida State Court. That's the finding of the package, is it not? Your Honor, it's a finding, but whether or not it's given back is an absolute question because it made that statement based upon a representation and solely on a representation by a police counsel. Don't misunderstand what I'm saying. Maybe that would be clearly erroneous. Maybe there would be some other error, but we're looking at that determination as a final fact, are we not? Yes, Your Honor. Let me ask you a second question in that connection. If the federal judge had looked at the public record in the state court case, the parallel state action, would she not have seen that the affirmative defenses in the state case made by the corporate plaintiffs in this case were essentially the mirror image of the complaint filed in the federal court? Your Honor, I believe the answer to that is no. And if one were to look at the affirmative defenses, one would see no reference to any kind of factually detailed way to any of the claims in this case. In other words, there was nothing with respect to the plates and the misappropriation claim. There was nothing with respect to your brief of contract action. There's certainly no connection. The reason I ask the question is, it seems to me the affirmative defenses in the state court action said, we didn't breach the contract, you did. And the reason you breached the contract was you misappropriated state trade secrets, among other things. Wasn't that essentially the flip side of the trade secret claim or claims made by the corporate plaintiffs in the federal actions? Your Honor, on an underlying standpoint, I would agree with you. But if you look to the face of the pleading, there's nothing that gives any indication of the nature of the set off or any kind of offensive point back against that. Again, nothing with respect to the case. There's nothing on the face of the pleading. So with respect to the damages, there would not be overlap, is that right? That's absolutely correct, Your Honor. The case below largely is a discovery dispute over identification of the trade secret or the nature of the damages sought by the plaintiffs, which have no real application to the state court case. And further, if you want to look to the record, there really is no recyclability from the standpoint that at the end of discovery, before the use of the voluntary dismissal, you never really got to the point of the claim to damages. There were always a new target, and there was never any real final explanation or pronouncement. At the point in time when this case was dismissed, we were still looking at whether or not they could show a net profit loss. They were simply telling us gross numbers. So what was recyclable, in our estimation, was nothing, Your Honor. Well, I guess that's the question that I had. You say nothing. I looked at the affirmative defenses in the parallel state action. Affirmative defense 16 said the following. It said the plaintiffs materially breached the employment agreements prior to any alleged breach by the defendants. And then paragraph 17 in their affirmative defense said defendants substantially performed any and all contractual obligations in good faith. And any duty or performance on behalf of defendants is excused by the plaintiff's own actions, breaches, etc. That strikes me as substantially overlapping with the claims made by the plaintiffs in the federal action. If there was a—if they could establish that there was misappropriation of trade secrets, that would excuse their obligation to perform, wouldn't it? It would not possibly constitute a setoff, Your Honor, but we would also observe that at the point in time the case was voluntarily dismissed, there were still substantial questions about whether they were really lodged an appropriation claim. And it raises the question, Your Honor, frankly, if they have a claim of such merit, and that was that they were damaging tens of millions of dollars, why did they seek to drop the case? It makes no sense. And further, with respect to recyclability, Your Honor, there's no overlap as it relates to the motion for preliminary injunction. As you said, Court Lady, there was an injunction proceeding that consumed a considerable amount of time. Preparation was considerable. Further, as was also pointed out, allegations simply are not recyclable. The other case—well, the damages, I'm sorry. The damages allegations really are not going to be recyclable in the case as well, Your Honor. And I see that my time is up. Thank you. Thank you, Mr. Castillo. Mr. Zaks. Good morning, Your Honors. And may it please the courts, David Zaks appearing on behalf of the appellees. Your Honors, we agree with Mr. Castillo that the issue of recyclability is a factual issue. Can I ask you a question? This is Judge Newsom. So, if you agree that it's a factual issue, which I think it is, and you've heard the conversation that Judges Marcus and Pryor were having with Mr. Castillo, all of this sounds very debatable. Recyclability sounds very debatable. So, what sort of evidentiary basis or showing did the district court have or make to support this, it seems to me, sort of conclusory assertion that everything was recyclable? Well, Your Honor, I think all of the district court's reasoning is embodied in the written opinion on the issue. I think it's pretty evident from the record, though, that there is, you know, it's completely overlapped, you know, the federal and the state case. And it's not just the affirmative defenses in the state court case that showed it's the affirmative, also the affirmative defenses that the appellants raised in this case. I mean, if you look at their, this is their docket 19 in the district court, their affirmative defenses, you know, their second affirmative defense, they say, As to all breach of contract claims asserted by ERI and Salatium, payments committed a prior breach of the employment agreements, by failing to timely pay when due, all salary payments wrongfully discharging the benefits. I mean, those are the, that's the case that they filed in the state court. And they could have asserted it as a counter plan in this case. You know, third affirmative defense, as to breach of contract claims asserted by Salatium, there has been a complete failure of consideration because Salatium has not made any of the payment, employment payments to defendants called for in the contracts. But I guess what I'm saying is, so Mr. Casillo, Mr. Casillo said, I think probably an overstatement, but none of this stuff is recyclable. The district court said all of it is. It just seems to me that isn't a more nuanced, don't we require some more nuanced sort of sorting of reusable and not reusable? It just seems like, I don't know, we're sort of at sea here trying to decide this on appeal without much of a factual record to make any of these judgments. Well, if you look at what's been done in the district court case, I mean, they filed an unmeritorious motion to dismiss. I guess they really should not have filed that in the first place, whether that's recyclable or not. I mean, an unmeritorious motion in the district court, is that reusable in the state court? I don't know. You know, then, you know, if you go on to the discovery, I mean, they took, you know, two depositions. You know, my client, including my client, you know, two days. I mean, of course, that's extremely useful for them in the state court case. I think all the discovery is useful in the state court case. I mean, that's where. Oh, I guess that's really the question. I think there's little doubt that some of it, maybe much of it would be useful in both cases. The question is whether or not all of it would be useful. And let me ask you the same question. Judge Prior asked earlier, what about damages? The nature of the damages would be different, would they not? For whether or not there was a misappropriation of the trade secrets on the one hand, or whether there was a breach of an employment contract by the corporation on the other. The nature of the damages would not be the same. Well, I think the damages would be the same. I mean, I guess you don't really call it damages in the state court if it's considered as an affirmative defense. I guess it's considered an offset or recruitment. I guess it has a different legal terminology, but it's the same. It would be the same offset that would apply in the state court case if we were to prove that. The other thing about it, as far as what's the attorney's fees transferable, I have no idea what – I mean, they actually – I mean, I can see what was filed and with my very own eyes what the opposing counsel has done, but as far as specific tasks, I have no idea. They never filed anything. There's nothing in the record that substantiates any fees at all. Let me ask you, there was an application for preliminary injunctive release. There was undoubtedly discovery that was taken that bore upon the preliminary injunction application. Is that of any utility in the parallel state action? Yes, I would say so because the preliminary injunction was based on state law governing enforcement of non-compete agreements, and it was based on the Salatium Employment Agreement that's at issue. It's attached to their state court action. So whether they had breached those agreements, that's an issue in the state court case. So I think that's all directly transferable, any work that's been done. I mean, yeah, I think the district court's factual finding is not clearly erroneous, and there's really nothing on appeal that's based on record. There's no record of evidence cited on appeal that really disclaims or disproves the district court's conclusion on that issue. Well, there's no record of evidence going either way, is there? In the state court record, the only filings were the complaint, motion to dismiss, and motion to stay. Is that correct? Well, yeah, but I think that is evidence, and it shows that legal issues are pretty much, I mean, as Judge Marcus mentioned, it's like mirror image, you know, the affirmative defenses in the state court case are mirror image of the federal claims, and I think it's also the affirmative defenses in the federal case are mirror image of the state court claims. It's all really the same case. In the preliminary injunction that Judge Marcus referenced, you would have to show other factors besides successful merit. So how would that be duplicated in the state court action? As far as, well, I guess, you know, the harm to Salatium, I mean, I think the harm that Salatium incurred that was advanced in the federal court, I mean, that's an affirmative defense in the state court. I mean, that issue, it's also an issue in the state court. Was there any evidence at all presented to the district court on this issue? I'm sorry, Your Honor. Was there any evidence presented? Was there any opportunity for the judge to actually say, okay, show me how the discovery here was actually useful there? You did A, B, and C. You took so many depositions. You filed so many interrogatories, et cetera, et cetera, et cetera. How is that there on the parallel state action? We don't have anything of that kind here. All we have is the ultimate factual conclusion at a high order of abstraction that all work performed by the defendant's attorney will continue to be useful to the resolution of the parallel state action. I guess what I'm saying is I don't really know what went into that determination, one, because the district court didn't tell us, and two, because there's no evidential foundation. It seems to me your whole argument has to be based upon looking at the pleadings themselves, the nature of the claim, the affirmative defenses in the federal court, the nature of the claim and the affirmative defenses in the state court, and nothing more. That's what we would have to rely on in order to sustain that judgment, wouldn't we? No, Your Honor. I don't think the case law in the 11th Circuit requires, I guess, that kind of granular explanation as to everything as far as every minute billing entry, whether it's transferable. It's pretty evident that there's a heck of a lot of overlap. There were discovery motions filed, so the court is familiar with at least the discovery that's been an issue in the case. The court issued a more explanation of its decision than it needed to. It issued a well-reasoned opinion. Let me ask you about something else that you just said. The district court said that the issue of overlap was undisputed, but as I understand it, the question of overlap was first raised in your reply in support of your motion to dismiss. So Mr. Castillo's client didn't have any opportunity to dispute it before the district court ruled on the motion. Is my understanding correct about that? Well, I think, Your Honor, I'm actually not quite sure. I think if you look in the response, I mean, that's really there to the motions for voluntary dismissal. I mean, I think at that point it's incumbent upon the defendants to raise these type of issues, bring to bear whatever reasons why they think that some certain conditions should be imposed, and if there's no overlap, then they should have advanced that. They didn't, and they've always danced around the issue of whether it's a parallel case. I think it's pretty obvious that these are parallel cases. They certified it. They called it a certification early on in the case that the state court action is a related case. Can I ask you a question just following up on this? Is that right? I don't guess we have any sort of formal – I don't guess we have law about any sort of formal sort of burden or burden shifting here, but the way I read McCants, McCants says, a plaintiff ordinarily, so it suggests that the default rule, ordinarily will not be permitted to dismiss except on condition of payment of some of the expenses. So, I mean, is it really their sort of burden, so to speak, to sort of itemize, overlap? I mean, I think the problem that Judge Marcus is getting at and I was getting at earlier is that it's not really that the law necessarily demands a granular inquiry. It seems to me, though, that it might demand something more than conclusory assertion, that somewhere between those two poles is what the law might require. I'm not really sure that we have anything here other than that conclusory assertion. Well, as far as – I think the appellants are asking for a particular condition, and in a particular condition they want $200,000. For what, I don't know. I mean, I can't imagine that they – Well, and I guess my point is as between zero and $200,000, don't you think that there's some – that it's incumbent to some extent on the district court to explain to us sort of, as you referred earlier, to a whole heck of a lot of overlap? And I think you might be right about that. But doesn't the district court have some obligation to explain the whole heck of a lot? I think so, but I think the court did – it's just so evident. I mean, it's certified as a related case, and these cases are all the same thing. I think it's just so – it's so plain that the fact that these are the same – really two halves of the same walnut here. I think the judge's explanation was more than adequate. Are we looking at the ultimate determination whether to impose conditions or not for abuse of discretion? Is that the standard? I think what they were asking for is – they were arguing that it's abuse of discretion not to award injuries. I don't understand whether it was or wasn't an abuse is another question. I'm simply asking what the standard of review would be through which we determine the district court's decision and its wisdom and efficacy. We asked whether the district court abused its discretion in imposing conditions or not. Is that correct? I think so, but it's – it's my understanding that it's whether or not to impose a particular condition. At least that's how it's been framed, and I think that's the issue I want to review. Thank you. Thank you. Okay. Mr. Wrack, have you – Thank you, Your Honors. Nothing further. Mr. Cascio, you may make your rebuttal. Yes, Your Honor. In rebuttal, I contend to the court that while there may be possible overlap, it is our position that there is considerable distinction between the two cases, the federal and the state court case. The state court case pleadings revealed was an accounting action that consisted of accounts for accounting for wage and profits, declaratory revenue, and other affirmative actions brought by the plaintiffs. In the case below, the primary effort was spent on discovery to try to identify the appellee's damages, the appellee's trade secrets, and then to defend against their preliminary injunction. As relates to this related case certification, the court is probably aware that at the outset of the case, we are obligated to file a corporate statement and notice of related case. That's simply an indication that there is another proceeding with identical parties. That is not some sort of waiver of position in this case. As it relates to this ability in particular, counsel indicates, hey, they took two depositions. Isn't that more than enough, you know, discovery to be helpful in the other case? I would observe to the court that the reason there were – the two depositions that we took were the two depositions of Mr. Seller, the second one which had to be retaken because the magistrate ordered on a motion to compel that it need be done because essentially nothing useful was obtained in the first step. As it relates to the recyclability of the injunction, I would observe to the court that it has been well over a year and that there are a number of issues such as latches that seemingly prevent that from ever being brought again. So how is the sense of that useful in other state court proceedings? Can I ask you a question, Mr. Castillo? Could you tell me in brief summary form what discovery was actually taken in the federal action, the federal trade secret case? Yes, Your Honor. We served interrogatories and requested production. That resulted in motion practiced before the magistrate judge on several motions to compel. Discovery also consisted of the deposition of Mr. Seller, which I indicated had to be taken a second time because in the first deposition, there was a lack of disclosure as related to the damages, which led us to seek clarity and seek more details. The magistrate judge agreed that they had not complied with their obligations, and so we had to do it again. There were also disclosures that were had in the case below. Again, were the motions to compel resulting in orders to compel. How many cases were taken in all? I believe four. The two of Mr. Seller and then one each of Mr. Hucknagle and Mr. King, were not compelled to the case. Can I ask you, Mr. Castillo, can I ask you a quick question? I was sort of beating up Mr. Zak about the district court's, you know, sort of conclusory assertion that there was complete recyclability here. I mean, what level of granularity, to use his word, do you think was required? What more should we be asking the district courts than a determination that there was complete recyclability? There are, I think, I think this ought to be remitted for an examination of the record. It probably can be done with argument, but it's sort of a version of this, but a more detailed look at exactly what was done in terms of, and I would be able to be more granular with exactly what these disclosures and interrogatories dealt with, to get into more detail about what happened at the depositions. But we don't have to get into super granularity with respect to the facts of the case. Again, we're looking at what was done, the body of work that was done, and I think that's capable of being done in somewhat of a summary fashion. But in this case, there was nothing done other than a reliance upon the representations of counsel. Let me just pursue that question by Judge Nisimer a bit further and ask you this. If the bulk of the legal work done in the federal proceeding would be useful to the resolution of the issues raised in the parallel state court action, would that be enough to sustain the district court's determination here that she wasn't going to impose any additional conditions, fees, or anything like that? Would it be enough that the bulk of the stuff in the one was of some real utility in the other to determine whether one, the district court clearly erred in its fact finding and two, abused its discretion in its ultimate decision to allow the dismissal without imposing any fees and costs? Your Honor, if I accept your hypothetical, which I don't. No, I understand. I understand that you challenged the proposition that the bulk of what was done in A was useful in B, but I'm simply asking if you accept for the purposes of the question that the bulk of what was done in the federal case would be useful in the state case. Could we set aside the district court's findings and find a clear error? And could we say that its ultimate determination was an abuse of discretion? I think the answer is yes, because our position is simply not a parallel state for the reasons we described.  Thank you very much. Thank you counsel. We have your opinion. Thank you. Thank you.